WESLEY L. WIEDMER ET AL., PLAINTIFFS, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, DEFENDANT.

Argued November 8, 1922—Decided February 28, 1923.

A land company, owner of a tract of land, filed a map on which were delineated streets, blocks and lots. On a part of one of the streets were parallel lines marked in the name of a railroad company. Plaintiffs purchased two lots from the land company having a frontage on this street, and the deed designated the land conveyed as lots delineated on said map. *Held*, that the filing of the map, and the conveyance by the owner of lots by reference thereto, constituted a dedication of the land within the exterior lines of this street to public use as a highway, subject, however, to the devotion to railroad uses of that part covered by the indicated railroad right of way. *Held*, further, that the subsequent conveyance by the dedicator of lots fronting on said street vested in the grantee's title to the middle of the street, subject to the railroad user, to the extent that such user was indicated on the map.

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Clarence L. Cole.*

Contra, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to test the right of the defendant to maintain its railroad in the centre of a public street known as Philadelphia avenue, in the borough of Wildwood Crest, in front of the property of the plaintiffs, who are the owners of a lot having a frontage on that avenue, beginning at the intersection thereof with Lotus road, and extending along the exterior line thereof, in a northeasterly direction, seventy feet from the said intersecting point.

The facts are not in dispute. A land improvement company, known as the Wildwood Crest Company, was the owner of a tract of land in Cape May county, which it laid out in streets, blocks and lots, according to a descriptive map, which it filed, and it sold the lots indicated on this map by a reference thereto. The plaintiffs were among the purchasers, and the property conveyed to them, and above referred to, was designated in the deed from the company as lots Nos. 1 and 2 of block No. 61 as shown on said map. At the time of the filing of the map there was delineated thereon parallel lines running through the centre of a part of Philadelphia avenue and marked "West Jersey and Seashore Railroad," and a parallelogram abutting on the southerly of these lines marked "Railroad Station."

Under the doctrine of *Ayres* v. *Pennsylvania Railroad Co.,* 52 *N. J. L.* 405, the filing of the map and the conveyance of lots by reference thereon was a dedication, by the owner, of the land within the exterior lines of Philadelphia avenue to public use as a highway, subject, however, to the devotion to railroad uses of that part thereof covered by the indicated railroad right of way; and the conveyance by the dedicator to the plaintiffs of the lot on the corner of that avenue and Lotus road vested in the grantees title to the middle of the avenue, subject, however, to the railroad user. It follows, therefore,

that the defendant company is entitled to remain in possession of so much of the land in Philadelphia avenue as was devoted to the railroad user by the act of the Wildwood Crest Company as indicated by the map.

The proofs show, however, that the defendant company has occupied with its tracks a greater portion of this avenue than was devoted to its uses by the Wildwood Crest Company; and this appears, without contradiction, by the testimony of the assistant to its division engineer, a witness called by the defendant, who stated upon the witness stand that the lines indicating the railroad right of way as delineated on the map, stop at a point about eighteen feet north of Lotus road, but that the railroad had in fact been constructed beyond this point and into Lotus road for a distance of about a foot and a half beyond the north line thereof.

As the right of the defendant company to occupy Philadelphia avenue with its tracks is rested solely upon its devotion to railroad uses by the Wildwood Crest Company, and as that right is only co-extensive with the implied grant of the land company, the laying of its tracks, by the company, beyond the point delineated on the map for a distance of eighteen feet in front of the plaintiffs' property was without legal justification and was in violation of the plaintiffs' property rights in the highway; and the verdict in favor of the defendant, which, by necessary implication, was based upon a finding that the defendant company was entitled to occupy Philadelphia avenue across the whole front of the plaintiffs' lot, cannot be permitted to stand.

It is argued on behalf of the railroad company that, even if it was occupying any part of this street without legal justification, the plaintiffs are not damnified, because their title only extends to the exterior line of the highway and not to the middle line thereof, for the reason that, as appears from a reading of the conveyance to them the land granted to them is described as abutting upon the exterior line of the avenue, and is limited in quantity to six thousand three hundred feet, strict measure, that being the precise quantity of land contained within the boundary lines specified in the deed. It is

enough to say in disposing of this argument that the proposition upon which it rests has been settled adversely to the defendant by *Salter* v. *Jonas,* 39 *N. J. L.* 469, as construed in *Ayres* v. *Pennsylvania Railroad Co., supra.*

The rule to show cause will be made absolute.